NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDREZEJ JAWOROWSKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Hon. Harold A. Ackerman |
| vs. | : | |
| | : | Civil Action No. 04-1267 (HAA) |
| ROBERT CIASULLI, BOB CIASULLI, | : | |
| HONDA, and R.P. RICHARDS & SONS, | : | |
| INC., | : | **OPINION & ORDER** |
| | : | |
| Defendants. | : | |
| | : | |

Dennis S. Brotman, Esq.
FOX ROTHSCHILD LLP
P.O. Box 5231
Princeton, New Jersey 08543
*Attorneys for Plaintiff*

Mark P. Ciarrocca, Esq.
CIARROCCA & CIARROCCA
P.O. Box 303
1155 West Chestnut Street
Union, New Jersey 07083-0303
*Attorneys for Defendants Robert Ciasulli and Bob Ciasulli Honda*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on remand from the United States Court of Appeals for the Third Circuit. On January 10, 2005, this Court entered an Opinion and Order granting the motion to dismiss (Docket No. 5) filed by Defendants Robert Ciasulli and Bob Ciasulli Honda (collectively "Ciasulli"). *Jaworowski v. Ciasulli*, No. 04-1267 (D.N.J. Jan. 10, 2005). This Court held that because personal jurisdiction did not exist over Ciasulli in New York, the statute

1

of limitations of New Jersey – the transferee forum – applied.  This Court further concluded that New Jersey's two-year personal injury statute of limitations, N.J. Stat. Ann. § 2A:14-2, barred Plaintiff Andrezej Jaworowski's action.

In so holding, this Court followed the Third Circuit's opinion in *Young v. Clantech, Inc.*, 863 F.2d 300 (3d Cir. 1988), which predicted that under New Jersey law, the personal injury statute of limitations period could not be equitably tolled during the pendency of an action brought in a court which lacked personal jurisdiction over the defendant.  This Court observed that in *Galligan v. Westfield Centre Service, Inc.*, 82 N.J. 188 (1980), the Supreme Court of New Jersey held that the limitations period may be tolled during the pendency of an action brought in a court which lacked <u>subject matter</u> jurisdiction.  However, because the Supreme Court of New Jersey had not had the occasion to extend *Young* to cases involving <u>personal</u> jurisdiction, this Court applied the later, contrary decision of the Third Circuit in *Young* as controlling authority.  *Jaworowski v. Ciasulli*, No. 04-1267, slip op. at 8 ("This Court is bound to follow Third Circuit precedent.")

On appeal, the Third Circuit reversed.  *Jaworowski v. Ciasulli*, 490 F.3d 331 (3d Cir. 2007).  In its June 18, 2007, opinion, the Third Circuit rejected its prior holding in *Young* and stated that "we predict that if given the opportunity to rule on this issue, the Supreme Court of New Jersey would allow the equitable tolling of the New Jersey personal injury statute of limitations during the pendency of an action brought in a court which lacked personal jurisdiction over the defendant in those instances in which to do so would not offend the goals of the limitations statute."  *Id.* at 336 (citing *Galligan*, 82 N.J. at 190-95); *see also id.* (stating that "what we said in *Young* is no longer accurate").  The Third Circuit relied in part on an Appellate

2

Division opinion which "sharply criticized *Young* and concluded that *Galligan* did apply in situations in which the initial action was filed within the two-year limitations period but in a court that did not have personal jurisdiction over the defendant." *Id.* at 334 (citing *Mitzner v. West Ridgelawn Cemetery*, 311 N.J. Super. 233 (App. Div. 1998)).  The Third Circuit also reasoned that "given the rationale of *Galligan* and its progeny, we can envision no reason why the Supreme Court would distinguish between an action where subject matter jurisdiction is lacking and one where personal jurisdiction is lacking." *Jaworowski*, 490 F.3d at 335-36.

In remanding this case, the Third Circuit instructed: "Because this calculus is necessarily fact-sensitive, whether it is appropriate to equitably toll the statute of limitations in this action should be determined by the District Court in the first instance." *Id.* at 336.  The Third Circuit therefore remanded for further proceedings consistent with its opinion. *Id.*

After careful review of the Third Circuit's opinion and mandate, this Court concludes that it must determine, in the first instance, whether equitable tolling should apply in this case to allow Jaworowski's case to proceed.  The Third Circuit held that equitable tolling is *available* under New Jersey law in personal injury actions during the pendency of a suit brought in a court that lacked personal jurisdiction, but expressly instructed this Court to determine whether equitable tolling would be "appropriate . . . in this action." *Id.*  Thus, Defendants' motion to dismiss has been effectively reactivated, and this Court must now consider whether equitable tolling applies here.

This Court will take the matter under advisement and will issue, in due course, an Opinion and Order resolving Defendants' reinstated motion to dismiss.  Jaworowski also appealed this Court's finding that there was no personal jurisdiction over Ciasulli in New York

and this Court's decision to not allow jurisdictional discovery with regard to personal jurisdiction in New York.  The Third Circuit stated that "[b]ecause we find that equitable tolling is available under New Jersey law, we need not consider these alternative arguments."  *Id.* at 333 n.3.  This Court will follow the same approach.  The Court's renewed consideration of Defendants' motion to dismiss shall be limited to determining whether equitable tolling applies.

Because the parties briefed Defendants' motion to dismiss over three years ago and the Third Circuit's opinion changed the relevant law, this Court orders that the parties submit supplemental briefing *limited solely to the application in this case of equitable tolling of the New Jersey personal injury statute of limitations*.  Defendants shall submit a brief of not more than ten (10) pages, limited solely to this issue, on or before September 7, 2007.  Plaintiff shall submit a response brief of not more than ten (10) pages, limited solely to this issue, on or before September 21, 2007.  There shall be no reply brief.

Plaintiff has also filed a request for entry of default (Docket No. 23) with the Clerk's Office.  Plaintiff seeks default because Defendants have not filed an Answer since the Third Circuit remanded this case.  Defendants oppose this request, noting that "the original motion to dismiss remains pending as this court must consider fact finding as set forth in the Circuit Court decision.  Plaintiff's request for entry of default therefore is without merit as our initial responsive pleading, the motion to dismiss[,] is still pending before the court."  (Ciarrocca Decl. ¶ 7.)  This Court agrees with Defendants.  The Clerk's Office is instructed to deny Plaintiff's request for entry of default.

*Order*

For the reasons stated above, it is hereby ORDERED that, pursuant to the mandate of the United States Court of Appeals for the Third Circuit, Defendants' motion to dismiss (Docket No. 5) is REINSTATED.

It is hereby further ORDERED that the parties shall submit supplemental briefing ***limited solely to the application in this case of equitable tolling of the New Jersey personal injury statute of limitations***.  Defendants shall submit a brief of not more than ten (10) pages, limited solely to this issue, on or before September 7, 2007.  Plaintiff shall submit a response brief of not more than ten (10) pages, limited solely to this issue, on or before September 21, 2007.  There shall be no reply brief.

It is hereby further ORDERED that the Clerk's Office shall deny Plaintiff's request for entry of default (Docket No. 23).

Newark, New Jersey
Dated:  August 17, 2007

                                            s/ Harold A. Ackerman
                                            U.S.D.J.