NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                                      )
ANDRZEJ JAWOROWSKI,                )     Hon. Garrett E. Brown, Jr.
                                                      )
        Plaintiff,                                 )     Civ. No. 04-1267
                                                      )
        v.                                              )     **MEMORANDUM OPINION**
                                                      )
ROBERT CIASULLI,                          )
BOB CIASULLI HONDA, JOHN DOE 1-10 *name* )
*being fictitious (representing one or more fictitious* )
*defendants)*, ABC CORPORATION 1-10  )
*name being fictitious (representing one or more* )
*fictitious corporations)*, XYZ PARTNERSHIP )
1-10 *name being fictitious (representing one or* )
*more fictitious partnerships)*,             )
                                                      )
        Defendants/Third-Party Plaintiffs,   )
                                                      )
        v.                                              )
                                                      )
R.P. RICHARDS & SON,                    )
                                                      )
        Third-Party Defendant/Fourth-    )
        Party Plaintiff,                            )
                                                      )
        v.                                              )
                                                      )
PACE BUILDERS,                             )
                                                      )
        Fourth-Party Defendant.           )
_____)

Dennis Steven Brotman, Esq.
FOX ROTHSCHILD, LLP
997 Lenox Drive
Lawrenceville, New Jersey 08648
*Attorneys for Plaintiff*

Mark P. Ciarrocca, Esq.
Paula Nunes, Esq.
CIARROCCA & CIARROCCA, ESQS.
1155 West Chestnut Street
P.O. Box 303
Union, New Jersey 07083-0303
*Attorneys for Defendants/Third-Party Plaintiffs*

Patrick M. Coyne, Esq.
ROMANDO, TUCKER, ZIRULNIK & SHERLOCK
72 Eagle Rock Avenue
East Hanover, New Jersey 07936
*Attorneys for Third-Party Defendant/Fourth-Party Plaintiff*

Jacob A. Papay, Jr., Esq.
GEBHARDT & KIEFER, PC
1318 Route 31
P.O. Box 4001
Clinton, New Jersey 08809-4001
*Attorneys for Fourth-Party Defendant*

**BROWN, Chief Judge:**

This negligence suit arises from a construction site accident that occurred during the construction of an on-site expansion to a car dealership, wherein the Plaintiff, an injured construction worker, seeks damages from the property owner, the property owner seeks indemnification or contribution from the general contractor, and the general contractor seeks indemnification or contribution from the masonry subcontractor that hired Plaintiff's employer.[1] Presently before the Court are two motions: (I) the motion (Doc. No. 61) for summary judgment filed by Defendants Robert Ciasulli and Bob Ciasulli Honda (collectively "Ciasulli Defendants") that contests the merit of Plaintiff's negligence claim, and (ii) the motion (Doc. No. 57) for partial summary judgment filed by Third-Party Defendant R.P. Richards & Son that challenges

---

[1] By Order of August 10, 2009, this matter was reassigned to the undersigned.

the merit of Ciasulli Defendants' third-party claim for contractual indemnification. For the following reasons, the Court will grant Ciasulli Defendants' summary judgment motion on Plaintiff's negligence claim, and the Court will deny without prejudice R.P. Richards & Son's partial summary judgment motion.

I.      BACKGROUND

In May of 2001, the Bob Ciasulli Auto Group retained R.P. Richards & Son to construct an on-site expansion at Bob Ciasulli Honda, a Jersey City car dealership that it owned and operated. R.P. Richards & Son acted as the general contractor for the project and hired Pace Builders to perform masonry construction work for the expansion. According to the deposition testimony of Richard Giannetti, the project supervisor for R.P. Richards & Son, Pace Builders provided foundation work for the expansion and subcontracted its bricklaying work to Semar Construction ("Semar"). (Brotman Decl., Ex. B ("Giannetti Dep.") at 35:5–36:10.)

In July of 2001, Semar hired Plaintiff Andrzej Jaworowski to perform masonry construction work and assigned him to the Ciasulli project. On the afternoon of July 21, 2001, Plaintiff was working with a team of brick masons to construct a concrete wall for the service garage portion of the expansion. This task required Plaintiff to stand upon a scaffolding that Semar had fashioned for the job. The scaffolding suddenly collapsed, causing him to fall approximately fourteen feet to the ground, whereupon Plaintiff sustained substantial head injuries when he was struck in the head by a falling brick. According to Plaintiff, neither he nor any of his co-workers were provided with a hard hat that day,[2] and Plaintiff further recalls that the

---

[2] Plaintiff has not suggested that the absence of protective head gear was a recurring problem at the work site.

defective scaffolding lacked protective railings to prevent workers from falling. (Brotman Decl., Ex. A ("Jaworowski Deposition") at 47:20–23, 54:3–5, 55:5–6, 57:2–6, 89:5–8; *see generally* Jaworowski Decl.)

On the day of the accident, Plaintiff claims that a Bob Ciasulli Honda representative granted his team access to the construction site in the morning, and that an unidentified "inspector" wearing business clothing made frequent visits from the dealership showroom to the construction site to speak with his foreman. (Jaworowski Decl. ¶ 6.)[3]  It is undisputed that representatives of R.P. Richards and Son were not present to supervise the construction on the day of the accident.

Plaintiff initially filed suit against the Ciasulli Defendants in the U.S. District Court for the Eastern District of New York, which transferred the case to the District of New Jersey in January of 2004. Plaintiff filed a four-count Amended Complaint on April 7, 2004, alleging that the Ciasulli Defendants' negligence proximately caused the accident and his resulting injury. In an attempt to offset potential liability on Plaintiff's claims, Ciasulli Defendants responded by filing a Third-Party Complaint for contractual indemnification and contribution against R.P. Richards & Son, their general contractor, who subsequently filed a similar Fourth-Party Complaint against Pace Builders, the masonry subcontractor.

Ciasulli Defendants now move for summary judgment on all claims in Plaintiff's Amended Complaint, arguing that they did not have a legal duty as landowners to provide safe construction equipment and a hard hat to Plaintiff, a construction worker employed by the

---

[3] During his deposition, Plaintiff testified that one of his co-workers informed him that the unidentified inspector worked for Honda. (Jaworowski Dep. at 38:1–5.)

masonry sub-subcontractor for the Bob Ciasulli Honda project.  R.P. Richards & Son also moves for partial summary judgment on Ciasulli Defendants' derivative claim for contractual indemnification.

## II.     ANALYSIS

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

Before the Court are two motions for summary judgment.  Because the Ciasulli Defendants' motion attacks the foundation of the derivative third- and fourth-party claims—the alleged negligence for which the Ciasulli Defendants and R.P. Richards & Son seek indemnification and contribution—the Court will address this motion first.  This Court has

diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this matter involves diverse parties[4] and the amount in controversy exceeds $75,000.

  *A. Ciasulli Defendants' Duty of Care*

  In order to present a valid claim of negligence, an injured party must establish that another party had a legal duty of care, that the other party breached that duty of care, that this breach proximately caused the injury suffered, and that the injured party has suffered actual damages. *Brunson v. Affinity Fed. Credit Union*, 199 N.J. 381, 400 (2009). Ciasulli Defendants argue that Plaintiff has failed to present facts demonstrating that they owed a duty of care to Plaintiff. Plaintiff argues that Ciasulli Defendants' status as landowners, as well as their control of the premises and involvement in the construction process, triggered a duty to provide a safe place to work. "The question of whether a duty exists is a matter of law properly decided by the court, not the jury, and is largely a question of fairness or policy." *Wang v. Allstate Ins. Co.*, 125 N.J. 2, 15 (1991). The determinative question presented by Ciasulli Defendants' motion for summary judgment is whether New Jersey law imposes a duty on a landowner to provide protective head gear to a subcontractor's employee and to protect him from the subcontractor's defective scaffolding. This Court holds that it does not.

  The New Jersey Supreme Court has instructed reviewing courts to apply general negligence principles to construction site accidents as they would to mishaps occurring under

---

[4] The Amended Complaint suggests that Plaintiff is a citizen of New York (*see* Am. Compl. Count IV), while his deposition testimony in March of this year indicates that he is an undocumented immigrant of Polish citizenship residing in Brooklyn, New York (*see* Jaworowski Dep. at 9–15). It appears that there is no dispute that Bob Ciasulli Honda is a New Jersey corporation with a principal place of business in Jersey City, and that Robert Ciasulli is a New Jersey citizen.

different circumstances. *See Alloway v. Bradlees, Inc.*, 157 N.J. 221, 230–33 (1999); *Carvalho v. Toll Bros. & Developers*, 143 N.J. 565, 572–78 (1996). Accordingly, this Court must weigh such factors as the foreseeability of the risk of injury, the severity of the risk and potential injury, the relationship of the parties, the capacity and opportunity to exercise care, and the public interest in the assignment of liability. *Alloway*, 157 N.J. at 230; *Carvalho*, 143 N.J. at 572–78 (1996). Ultimately, "[t]he analysis leading to the imposition of a duty of reasonable care [must be] 'both fact-specific and principled,' and must satisfy 'an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy.'" *Alloway*, 157 N.J. at 230 (quoting *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 439 (1993)).

Cognizant of these overarching considerations, the Court notes that landowners in New Jersey have a non-delegable duty to provide a reasonably safe place to work for the employees of independent contractors. *See, e.g.*, *Kane v. Hartz Mountain Indus.*, 278 N.J. Super. 129, 140 (App. Div. 1994), *aff'd* 143 N.J. 141 (1996); *Izhaky v. Jamesway Corp.*, 195 N.J. Super. 103, 106 (App. Div. 1984). The landowner's duty encompasses making reasonable inspections for potential hazards. *Zents v. Toop*, 92 N.J. Super. 105, 111 (App. Div.), *aff'd* 50 N.J. 250 (1966). Yet, New Jersey courts have recognized limitations to the landowner duty. For instance, the landowner duty "is relative to the nature of the invited endeavor and does not entail the elimination of potential operational hazards which are obvious and visible to the invitee upon ordinary observation." *Wolczak v. Nat'l Elec. Prods. Corp.*, 66 N.J. Super. 64, 75 (App. Div. 1961).[5] Furthermore, landowners are not liable for injuries to such employees that arise from the

---

[5] The Court is puzzled by Plaintiff's suggestion that the *Izhaky* court *did* recognize a landowner duty to eliminate obvious, clearly visible operational hazards (Pl.'s Br. at 14–15) when that court took great pains to emphasize that the *Wolczak* rule—no landowner duty to

very work the landowner hired the independent contractor to perform. *E.g.*, *Dawson v. Bunker Hill Plaza Assocs.*, 289 N.J. Super. 309, 318 (App. Div. 1996); *Kane*, 278 N.J. Super. at 140. Indeed, "[i]t has long been the rule in New Jersey and elsewhere that one who hires an independent contractor is not responsible for the latter's negligent acts." *Cassano v. Aschoff*, 226 N.J. Super. 110, 113 (App. Div. 1988) (citing *Majestic Realty Assocs., Inc. v. Toti Contracting Co.*, 30 N.J. 425, 431 (1959); Prosser & Keeton, Torts (5th ed. 1984) Section 71 at 509). Nevertheless, the landowner "will not escape liability if [it] retains control 'over the manner and means by which the work is to be performed . . . .'" *Dawson*, 289 N.J. Super. at 318 (quoting *Cassano*, 226 N.J. Super. at 113).

Here, Plaintiff cites two specific hazards that caused and/or aggravated his injury: defective scaffolding and the absence of protective head gear. Yet, these dangerous conditions were not inherent hazards or preexisting conditions of Ciasulli Defendants' premises. They arose from specific acts undertaken by the independent contractor and its employees in the natural course of completing the work they were hired to perform, namely: (1) commencing masonry work without hard hats when the general contractor was not present, (2) constructing a scaffolding apparatus on-site, and (3) continuing to perform masonry work without hard hats at an elevation. Not only did the independent contractor create these dangerous conditions, but Plaintiff has presented no evidence that Ciasulli Defendants knew about these hazards.[6] Thus,

---

eliminate obvious hazards—did not curtail a landowner's obligation to eliminate *non-obvious* hazards. *Izhaky*, 195 N.J. Super. at 107 ("It occurs to us that [the *Wolczak* rule] implies a duty upon the owner to eliminate or warn of potential operational hazards which *are not* or *may not be* obvious and visible to the invitee . . . .") (emphasis added).

[6]While Plaintiff argues that agents of Ciasulli Defendants *should* have observed that the workers were not wearing hard hats, Plaintiff does not suggest that any representative of Ciasulli

8

absent evidence showing that Ciasulli Defendants retained control over the manner and means of the work that created these hazards, they cannot be held liable for Plaintiff's injuries.

Plaintiff argues that *Sanna v. National Sponge Co.* compels a finding of liability in this case, because the appellate court in that case held that the landowner's duty extended to a makeshift scaffolding erected by employees of its independent contractor. *See* 209 N.J. Super. 60, 67–69 (App. Div. 1986). Yet, the *Sanna* court did not find that the common law landowner's duty automatically encompassed construction equipment fashioned by independent contractors. Rather, the *Sanna* court emphasized the importance of the landowner's control over the dangerous condition in determining whether the landowner would be held liable for hazards created by independent contractors. *See id.* ("[I]f [the landowner] had done nothing and [the independent contractor] had assumed sole control over the ladders and scaffolding used to gain access to the work area, plaintiff would have no case against defendant on this theory."). The landowner in *Sanna* "assumed the duty of furnishing or assisting in furnishing a secure scaffold," because the undisputed facts established that the landowner both knew that the workers intended to construct scaffolding *and* facilitated this endeavor by providing equipment—a forklift, wooden planks, and a wooden ladder—for inclusion in the scaffolding's structure. *Id.* at 68. Plaintiff has presented no evidence suggesting that Ciasulli Defendants ever supplied tools or safety equipment for any portion of the Ciasulli expansion. Thus, it cannot be gainsaid that Ciasulli Defendants assumed responsibility for Semar's scaffolding or the provision of protective head gear.

---

Defendants actually *did* observe workers performing work—elevated masonry or otherwise—without hard hats.

With regard to control, Plaintiff focuses much of his argument on the Ciasulli Defendants' involvement in numerous facets of the construction project, ranging from weekly meetings with the general contractor, walkthroughs of the construction site, review of completed work and the use of punch lists to mark unsatisfactory or incomplete work, and making project alterations upon consultation with the general contractor.  (*See, e.g.*, Giannetti Dep. at 28–31, 78:8–23; Brotman Decl., Exs. H at 3 (change order for storm drain relocation, additional footing requirements for addition), I-1–I-2 (change orders requesting colored cement and the replacement of showroom ceiling tiles)).[7]  But while this evidence reveals that Ciasulli Defendants actively tracked the progress of the construction project, reviewed completed work to see if it met with expectations, and occasionally altered construction plans midstream, it does not demonstrate that Ciasulli Defendants retained control over, or otherwise participated in setting, the manner and means by which the project was completed.  *See, e.g.*, *Marion v. Pub. Serv. Elec. & Gas Co.*, 72 N.J. Super. 146, 153 (App. Div. 1962) (explaining that a landowner's results-oriented supervision did not trigger liability, where the landowner did not dictate the method of doing work); *cf. Dawson*, 289 N.J. Super. at 320 (collecting cases holding the landowner liable for construction site accidents and explaining that, unless the accident resulted from a preexisting condition on the premises, the landowners in those cases were "actively involved in the

---

[7]Plaintiff also appears to contend that a workers' compensation petition he filed against Ciasulli Honda demonstrates the close working relationship between the dealership and his employer, Semar (Pl.'s Br. at 13), but the Court is puzzled by this argument, considering that the declaration of Plaintiff's counsel, as well as the exhibit itself, indicates that Plaintiff brought the workers' compensation claim against Semar, not Ciasulli Honda.  (Brotman Decl. ¶ 2 & Ex. K.) In any event, the Court does not understand how Plaintiff's act of filing a post-accident workers compensation petition would demonstrate Ciasulli Honda's prior working relationship with Semar.

construction and/or created the allegedly hazardous condition that gave rise to the accident").

Plaintiff also suggests that greater culpability should attach to Ciasulli Defendants because they permitted Semar to work on a day when the general contractor would not be present. However, New Jersey courts have declined to impose safety oversight duties on landowners in the absence of contractual requirements or previous acts by the landowner demonstrating the landowner's intent to assume such control. *See, e.g.*, *Slack v. Whalen*, 327 N.J. Super. 186, 194 (App. Div. 2000) (finding the landowner not liable for an independent contractor's fall during a ceiling-spackling project where the landowner (i) had no contractual agreement with the contractor to supervise, (ii) was not required to be present during the work, (iii) did not interfere with the means and method of the spackling work, and (iv) did not provide the scaffolding equipment utilized). Plaintiff also suggests that this Court should consider unspecified OSHA violations as evidence of negligence, but OSHA regulations do not apply to landowners and, therefore, do not factor into this Court's determination of the landowner's duty. *Dawson*, 289 N.J. Super. at 321; *see also Lopez v. Roscio*, No. 03-1770, 2006 WL 319294, at *5 (D.N.J. Feb. 10, 2006).

Ciasulli Defendants did not have a contractual agreement to supervise Semar's work and/or provide safety equipment. At no time did Ciasulli Defendants interfere with the masonry work performed by Plaintiff and his co-workers, and there is no evidence that they volunteered to provide scaffolding materials, tools, or safety equipment, be it for the construction of the scaffolding or any other portion of the construction project. The record reflects that Semar created these dangerous conditions by fashioning an unsafe scaffolding apparatus and permitting its employees to work on the construction site without hard hats. There is no evidence that

Ciasulli Defendants were actually aware of the dangerous conditions, but even if they were, they did not have a relationship with the independent contractor such that they would be in a position to second-guess whether specific parts of the masonry work required hard hats. Under these circumstances, "[t]he landowner may assume that the worker, or his superiors, are possessed of sufficient skill to recognize the degree of danger involved and to adjust their methods of work accordingly." *Dawson*, 289 N.J. Super. at 318 (quoting *Wolczak*, 66 N.J. Super. at 75). Upon careful consideration of the foreseeability of risk, the nature of the risk, the relationship of the parties, the opportunity and capacity to exercise care, and the public interest, the Court concludes as a matter of law that Ciasulli Defendants landowner's duty did not include protection from the defective scaffolding or provision of protective head gear.

In the absence of a legal duty of care, Plaintiff fails to present a viable negligence claim against Ciasulli Defendants. The remaining counts of Plaintiff's Amended Complaint do not present distinct causes of action.[8] Consequently, the Court will grant summary judgment in favor of Ciasulli Defendants and against Plaintiff on all counts of Plaintiff's Amended Complaint.

   *B. Third-Party & Fourth-Party Claims*

Because the Court will grant summary judgment in favor of Ciasulli Defendants on all of Plaintiff's claims, Ciasulli Defendants will have no liability for which they could seek indemnification and contribution from R.P. Richards & Son, their general contractor. Indeed,

---

[8]Of the remaining counts, only Count II makes allegations against identified defendants. It includes boilerplate allegations that the Defendants violated unspecified New Jersey labor laws, and invokes the doctrine of *res ipsa loquitur*. These allegations do not constitute a separate and distinct claim from the negligence claim contained in Count I. Count III consists of claims against unidentified parties, and "Count IV" alleges facts commonly found in the jurisdictional statements of most complaints. None of these Counts present distinct causes of action, and Plaintiff has failed to identify new Defendants for more than five years.

R.P. Richards & Son acknowledges that an adverse ruling on Plaintiff's negligence claim would render "all derivative claims" moot (Third-Party Def.'s Reply Br. at 1), which the Court understands to refer to both Ciasulli Defendants' third-party claims and R.P. Richards & Son's fourth-party claims for contribution and indemnification.  The Court suspects this characterization is accurate, but the Court has no occasion to address issues beyond the scope of the present motions.  The Court will deny R.P. Richards & Son's motion for partial summary judgment without prejudice, and the Court will give Ciasulli Defendants and R.P. Richards & Son 15 days from the receipt of the accompanying Order to show cause as to why their third- and fourth-party claims should not be dismissed in light of today's ruling.

**III.    CONCLUSION**

For the aforementioned reasons, the Court will grant Ciasulli Defendants' motion (Doc. No. 61) for summary judgment and deny without prejudice R.P. Richards & Son's motion (Doc. No. 57) for partial summary judgment.  Ciasulli Defendants and R.P. Richards & Son shall have 15 days from receipt of the accompanying Order to show cause as to why their third- and fourth-party claims should not be dismissed in light of today's ruling.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: November 20, 2009

                                                            /s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.